UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                    Case No. 16-12621-BKC-RBR

BENJAMIN ROSENFELD and YARDENA                Chapter 7
AZANY ROSENFELD,

      Debtors.
_____/

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY BETWEEN
TRUSTEE AND WESTBRIDGE HOMEOWNERS ASSOCIATION, INC.**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Chapter 7 Trustee, Kenneth A. Welt (the "Trustee"), by undersigned counsel, pursuant to Fed. R. Bankr. P. 9019 and Local Rules 9019-1 and 9013-1(D), respectfully requests that the Court enter an order approving the settlement between the Trustee and Westbridge Homeowners Association, Inc., (the "Westbridge"), and states as follows:

1. The bankruptcy proceeding was commenced by the filing of voluntary Chapter 7 bankruptcy petition for Benjamin Rosenfeld And Yardena Azany Rosenfeld, Case No. 16-12621-BKC-RBR, on February 25, 2016 (the "Petition Date").

2. Kenneth A. Welt is the duly appointed and qualified Chapter 7 Trustee.

3. On November 30, 2016, the Trustee filed an Expedited Motion to Sell Free and Clear of Liens (Real Property Located at 10637 NW 32 Pl, Tamarac, FL 33351) pursuant to 11 USC 363(f) [ECF No. 43].

4. On December 19, 2016, the Court entered and Order Granting Motion to Sell of Real Property, Free and Clear of Liens, Claims and Encumbrances [ECF No. 50].

5. Westbridge contends it has claims against the property 10637 NW 32 Pl., Tamarac, FL 33351 (the "Property") in amount of $383.00 (the "Claims").

6. The Trustee asserts that it has defenses to such Claims.

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

7.    The Trustee and the Westbridge have negotiated in good faith regarding the Claims, and have agreed to amicably resolve any and all issues relating to same as part of a global settlement of any and all actions the Westbridge may have against the Trustee in order to avoid the uncertainties and expense of litigation.

8.    The Trustee has agreed to pay the Westbridge a total of one hundred ninety one dollars and fifty cents ($191.50) (the "Settlement Amount") to Westbridge, in settlement for those Claims, conditioned upon clearance of such funds and Bankruptcy Court approval of the attached Stipulation. The specific terms of the proposed settlement are set forth in the Settlement Agreement attached hereto as Exhibit "A".

9.    The Trustee believes that this settlement is in the best interest of the estate and that the Settlement Amount is fair and reasonable.

10.    The Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise:  (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), *cert. denied* 498 U.S. 959 (1990).

11.    Specifically, with respect to factor (a), while the Trustee believes that the probability of success is in the Trustee's favor, any litigation would involve a trial on issues raised relating to the Claims. Any disputes regarding the Trustee's defenses to the Claims would involve additional litigation.

12. Specifically, with respect to factor (b), the Trustee does not believe any difficulties would be encountered in the matter of collection.

13. Specifically, with respect to factor (c), as mentioned above, the litigation would involve a contested trial on the issues raised relating to the Claims.

14. Specifically, with respect to factor (d), avoiding the litigation would save significant expense to the bankruptcy estate, and significantly speed up the collection of other assets of the bankruptcy estate.

15. Based on the above, the Trustee believes that the settlement is in the best interest of the creditors.

WHEREFORE, the Trustee respectfully requests the Court enter an order approving the settlement with the Westbridge as set forth above, in the form set forth in the attached proposed Order, and for such other and further relief as the Court deems just and proper.

Dated: April 10, 2017.

LEIDERMAN SHELOMITH ALEXANDER + SOMODEVILLA, PLLC
Attorneys for Kenneth A. Welt
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
FELIPE PLECHAC-DIAZ
Florida Bar No. 0105483
fplechacdiaz@lslawfirm.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all parties listed on the attached creditor matrix on April 10, 2017.

By:_____/s/_____
Felipe Plechac-Diaz

_____
Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 16-12621-BKC-RBR |
| BENJAMIN ROSENFELD and YARDENA AZANY ROSENFELD, | Chapter 7 |
| Debtors._____/ | |

**STIPULATION TO COMPROMISE CONTROVERSY
BETWEEN TRUSTEE AND WESTBRIDGE HOMEOWNERS ASSOCIATION, INC.**

This stipulation ("Stipulation" or "Agreement") is entered on the date set forth below between the Trustee, Kenneth A. Welt, as Chapter 7 Trustee for the bankruptcy estate of Benjamin Rosenfeld And Yardena Azany Rosenfeld (the "Trustee") on the one hand, and Westbridge Homeowners Association, Inc. ("Westbridge") on the other hand.  The parties to this Stipulation are collectively referred to as the "Parties" or singularly as "Party."  The Parties hereby stipulate and agree as follows:

**RECITALS**

A.    The main bankruptcy proceeding was commenced by the filing of voluntary Chapter 7 bankruptcy petition for Benjamin Rosenfeld And Yardena Azany Rosenfeld, Case No. 16-12621-BKC-RBR, on February 25, 2016 (the "Petition Date").

B.    Kenneth A. Welt is the duly appointed and qualified Chapter 7 Trustee.

C.    On November 30, 2016, the Trustee filed an Expedited Motion to Sell Free and Clear of Liens (Real Property Located at 10637 NW 32 Pl, Tamarac, FL 33351) pursuant to 11 USC 363(f) [ECF No. 43].

D.    On December 19, 2016, the Court entered and Order Granting Motion to Sell of Real Property, Free and Clear of Liens, Claims and Encumbrances [ECF No. 50].

E.    Westbridge contends it has claims against the property 10637 NW 32 Pl, Tamarac, FL 33351 (the "Property") in amount of $383.00 (the "Claims").

F.     The Trustee asserts that it has defenses to such Claims.

G.     By entering into this Stipulation, the Parties agree that no provisions of this Stipulation shall be construed as an admission of wrongdoing, culpability or liability with respect to the Claims; and

**NOW THEREFORE**, to resolve and settle all of Westbridge's claims and to avoid incurring further expenses to litigate the Claims, the Trustee and Westbridge agree as follows:

## SETTLEMENT TERMS AND PROVISIONS

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     <u>Recitals Incorporated</u>.   The above recitals and prefatory phrases and paragraphs set forth above are true and correct and are hereby incorporated in full and made a part of this Agreement.

2.     <u>Payment.</u>  The Trustee shall pay a total of one hundred ninety one dollars and fifty cents ($191.50) (the "Settlement Amount") to the Westbridge, in a lump sum payment, within twenty one days (21) of entry of an Order approving this Stipulation, in settlement for those Claims asserted, conditioned upon clearance of such funds and Bankruptcy Court approval of this Stipulation.

3.     <u>Releases.</u> Upon approval of this Agreement by the Bankruptcy Court, Westbridge will forever release, discharge, and waive, and shall be deemed to have released, discharged, and waived, any and all claims, liabilities, costs (including attorneys' fees and costs), causes of action, actions, rights, debts, charges, demands, contracts, covenants, representations, warranties, accounts, setoffs, obligations, damages, and any other liability whatsoever, whether at law or equity, known or unknown, liquidated or

unliquidated, contingent or fixed, direct or indirect, that they may have against the Trustee, his professionals, and against or within the bankruptcy estate (the "Estate"), arising from any and all causes of action.

4. <u>Bankruptcy Court Approval and Retention of Jurisdiction.</u> The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Bankruptcy Court. In the event that it is not approved, this Stipulation shall be deemed null and void and of no legal effect, including the validity of any and all instruments executed by the Trustee for its performance and implementation prior to its approval. The Parties shall be restored to their respective positions as they existed prior to the execution of the Stipulation. The Parties shall request that the Court enter an Order approving this Stipulation, and reserving jurisdiction to enforce the terms and covenants contained herein.

5. <u>No Other Agreements; Modification.</u> This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Agreement. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the Parties to this Agreement, with the same formality as this Agreement, and by no other means. Each Party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

6. <u>Applicable Law.</u> All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, federal bankruptcy law, as well as the laws of the State of Florida to whatever extent bankruptcy law relies upon state law.

7. <u>No Presumptions Against Drafter.</u> The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and,

specifically, shall not cause any ambiguities to be construed against that Party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that this Stipulation is the result of negotiations between the parties.

8. <u>Failure to Require Performance.</u>  The failure of either Party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

9. <u>Understanding of terms.</u>  The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

10. <u>No duress.</u>  The Parties enter into this Stipulation freely and voluntarily. Neither Party has been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

11. <u>Advice of Counsel.</u>  All Parties to this Stipulation acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

12. <u>Binding Effect.</u>  This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of the heirs, assigns, personal representatives, and successors of the respective Parties.

13. <u>Counterparts.</u>  This Stipulation may be executed in two or more counterparts, including facsimile and e-mail counterparts, none of which need contain signatures of all of the Parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

14. <u>Authority.</u>  Each Party to this Stipulation represents that it is duly authorized

to execute this Stipulation and that the Parties through whom each Party executes this Stipulation are fully and duly empowered and authorized to execute same on the respective Party's behalf.

15. <u>Date of Stipulation.</u>  The date of this Stipulation is the date on which the last of the Parties executes a copy of it.

16. <u>Fees and Costs.</u>  Each Party shall bear its own costs and attorney's fees in connection with this Agreement, the Complaint, and the pending Adversary Proceeding.

17. <u>Captions.</u> The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred to in construing any provision of it.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

By:_____
      Kenneth A. Welt, Chapter 7 Trustee

Dated: _____, 2017

By:_____

Print Name:_____

Position:_____

for Westbridge Homeowners Association, Inc.

Dated: _____, 2017

to execute this Stipulation and that the Parties through whom each Party executes this Stipulation are fully and duly empowered and authorized to execute same on the respective Party's behalf.

15. <u>Date of Stipulation.</u> The date of this Stipulation is the date on which the last of the Parties executes a copy of it.

16. <u>Fees and Costs.</u> Each Party shall bear its own costs and attorney's fees in connection with this Agreement, the Complaint, and the pending Adversary Proceeding.

17. <u>Captions.</u> The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred to in construing any provision of it.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this to this settlement agreement on the date specified below.

By: _____
Kenneth A. Welt, Chapter 7 Trustee

Dated: 4/6/17 , 2017

By: _____

Print Name: Frederick Wheelock

Position: President

for Westbridge Homeowners Association, Inc.

Dated: 4/5 2017

**[PROPOSED ORDER]**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                         Case No. 16-12621-BKC-RBR

BENJAMIN ROSENFELD and YARDENA         Chapter 7
AZANY ROSENFELD,

    Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH
WESTBRIDGE HOMEOWNERS ASSOCIATION, INC.**

THIS CAUSE came on before the Court upon the Trustee's Motion to Approve Settlement with Westbridge Homeowners Association, Inc., (the "Motion"), filed pursuant to Local Rule 9013-1(D), and the movant by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, that the form of order was attached as an exhibit to the Motion, and the Court, having considered the Motion and being otherwise duly advised in the premises, it is **ORDERED** as follows:

    1.    The Motion is GRANTED and the settlement between the Trustee and Westbridge Homeowners Association, Inc. as described in the Motion, is approved.

    2.    The Trustee shall pay the Westbridge Homeowners Association, Inc., one

hundred ninety one dollars and fifty cents ($191.50) within twenty one (21) days upon entry of this Order.

      3.      All other terms of the Settlement Agreement entered into between Westbridge Homeowners Association, Inc. and the Trustee are approved. Westbridge Homeowners Association, Inc must comply with all terms set forth in the Settlement Agreement (which is attached as Exhibit "A" to the Motion). The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

###

**Submitted by:**

Felipe Plechac-Diaz, Esq.
Leiderman Shelomith Alexander
+ Somodevilla, PLLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
fpd@lsaslaw.com

**Copies to:**

**All parties and creditors listed on the court matrix.**

**Attorney Plechac-Diaz is directed to serve copies of this order on all parties above and to file a certificate of service.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 16-12621-RBR<br>Southern District of Florida<br>Fort Lauderdale<br>Mon Apr 10 17:33:44 EDT 2017 | Federal National Mortgage Association<br>Kahane & Associates, P.A.<br>c/o Taji S. Foreman, Esq.<br>8201 Peters Road, Suite 3000<br>Plantation, FL 33324-3292 | VT Inc<br>c/o Christina V. Paradowski, Esquire<br>110 SE 6th Str, 15th Flr<br>Fort Lauderdale, FL 33301-5004 |
| Wells Fargo Bank, N.A.<br>Kahane & Associates, P.A.<br>c/o Taji Foreman, Esq.<br>8201 Peters Road, Suite 3000<br>Plantation, FL 33324-3292 | At&T Universal Citi Card<br>Po Box 6500<br>Sioux Falls, SD 57117-6500 | Bank od America<br>Nc4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 |
| Bank of America<br>Nc4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Chase Mtg<br>Po Box 24696<br>Columbus, OH 43224-0696 | Citibank / Sears<br>Citicorp Credit Services/Attn: Centraliz<br>Po Box 790040<br>Saint Louis, MO 63179-0040 |
| Citibank/Best Buy<br>Centralized Bankruptcy/CitiCorp Credit S<br>Po Box 790040<br>St Louis, MO 63179-0040 | Citibank/The Home Depot<br>Citicorp Credit Srvs/Centralized Bankrup<br>Po Box 790040<br>Saint Louis, MO 63179-0040 | Credit One Bank Na<br>Po Box 98873<br>Las Vegas, NV 89193-8873 |
| Discover Bank<br>Discover Products Inc.<br>PO Box 3025<br>New Albany, OH 43054-3025 | Discover Financial<br>Attn: Bankruptcy<br>Po Box 3025<br>New Albany, OH 43054-3025 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| First National Bank<br>Attn:  FNN Legal Dept<br>1620 Dodge St Mailstop Code 3290<br>Omaha, NE 68102-1593 | First National Bank of Omaha<br>1620 Dodge Street, Stop code 3105<br>Omaha, NE 68197-0002 | Hyundai Motor Finance<br>Attn: Bankruptcy<br>Po Box 20809<br>Fountain City, CA 92728-0809 |
| Nationstar Mortgage LLC<br>8950 Cypress Waters Blvd<br>Coppell, TX 75019-4620 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | PYOD, LLC<br>c/o Resurgent Capital Services<br>Po Box 19008<br>Greenville, SC 29602-9008 |
| PYOD, LLC its successors and assigns as assi<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | PYOD, LLC its successors and assigns as assi<br>of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Seterus Inc<br>14523 Sw Millikan Way St<br>Beaverton, OR 97005-2352 | Suntrust Bank<br>Attn:Bankruptcy Dept<br>Po Box 85092 Mc Va-Wmrk-7952<br>Richmond, VA 23285-5092 | Suntrust Bank<br>Po Box 85526<br>Richmond, VA 23285-5526 |

| | | |
|---|---|---|
| Supra<br>4001 Fairview Industrial Drive SE<br>Salem, OR 97302-1399 | Synchrony Bank<br>Po Box 103104<br>Roswell, GA 30076-9104 | Synchrony Bank/Lowes<br>Attn: Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 |
| Visa Dept Store National Bank<br>Attn: Bankruptcy<br>Po Box 8053<br>Mason, OH 45040-8053 | World Omni Financial<br>6150 Omni Park Dr<br>Mobile, AL 36609-5195 | Benjamin Rosenfeld<br>4575 NW 90 Ave<br>Sunrise, FL 33351-5383 |
| Craig L Feldman<br>300 S Pine Island Rd # 306<br>Plantation, FL 33324-2621 | Kenneth A Welt<br>1776 N. Pine Island Rd #101<br>Plantation, FL 33322-5200 | Michael Mehdipour<br>2725 PGA Blvd<br>Palm Beach Gardens, FL 33410-2905 |
| Yardena Azany Rosenfeld<br>4575 NW 90 Ave<br>Sunrise, FL 33351-5383 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Elan Financial Service<br>777 E Wisconsin Ave<br>Milwaukee, WI 53202 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | (d)Us Bank<br>200 Gibraltar Rd Ste 200<br>Horsham, PA 19044 |

End of Label Matrix
Mailable recipients     39
Bypassed recipients      0
Total                   39